# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-208 |
| | ) | |
| CARLOS EDJUAN ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Carlos Elder seeks to replace his court-appointed attorney, Elizabeth Pavlis. Doc. 602. On June 25, 2019, the Court held a hearing on his motion. For the reasons explained below, the Court finds no good cause to replace Ms. Pavlis. *See, e.g., Thomas v. Wainright*, 767 F.2d 738, 742 (11th Cir. 1985) ("An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to have a particular lawyer represent him, nor to demand a different lawyer except for good cause." (cites omitted)). Elder's motion raises several concerns about the quality of the representation he is receiving. Although the Court is confident, after appropriate inquiry, that he is receiving adequate representation, some discussion of the principles involved is warranted.

Elder is concerned about counsel's accessibility. Defendant and counsel agree that Ms. Pavlis has visited the jail several times. The Government also represented that it had been in contact with Ms. Pavlis concerning the ongoing litigation as well as negotiation of a possible plea. Communication is no doubt an important aspect of the attorney-client relationship, but both Elder and Pavlis agree that there has been communication. As several courts have explained, good cause for substitution of counsel generally involves a "complete breakdown" in communication. *See, e.g., United States v. Melillo*, 631 F. App'x 761, 770-71 (11th Cir. 2015) ("Good cause for substitution of counsel exists where there is a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict. . . ." (quotes and cite omitted)). There is no evidence of a "complete breakdown" here.

Elder is also concerned that Ms. Pavlis has refused to file motions that he believes are warranted, particularly a motion to suppress and a renewed motion for pretrial release. At the hearing, the Court briefly explained to Elder that Pavlis, in addition to her obligations to provide effective representation, has an obligation to the Court not to pursue

motions that she deems meritless. As this Court has previously explained:

> An attorney does not serve as a mere mouthpiece or alter ego for his client, obligated to urge any motion or argument that his client wishes him to file. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1337 (11th Cir. 2002) ("An attorney should not be an unreflecting conduit through which the opinions and desires of a client or witness are permitted to flow unchecked."). Rather, an attorney has a duty to exercise his independent professional judgment and to file only those motions or raise only those claims that have potential merit. *Id.*; *Welch v. Artus*, 2007 WL 949652, at * 17 (W.D.N.Y. March 29, 2007). Further, an attorney must adhere to the ethical standards of the profession, which preclude an attorney from making "a false statement of material fact or law" to a Court or other tribunal, Rule 3.3, Georgia Rules of Professional Conduct, or from advancing an unwarranted claim or defense. Georgia Rule 3.1. Thus, if a client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any factual or legal merit, "the attorney must stand his . . . ground and refuse to act in a manner that flies in the face of the relevant ethical rules." *Thomas*, 293 F.3d at 1327-28. "Given this duty, it follows that an attorney cannot 'file first and think later,' . . . thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." *Thomas*, 293 F.3d 1327 (citation omitted).

*United States v. Scott*, 2007 WL 1101241 at * 1 (S.D. Ga. April 11, 2007). In response to the Court's inquiry, Ms. Pavlis explained that she had considered the issues Elder raised and, after legal research

3

and in light of her considerable experience, determined that the requested motions lacked merit.

The final issue that Elder raised is his dissatisfaction with the presentation of the Government's plea offer. Both he and counsel agreed that counsel disclosed the plea and its terms. The difficulty involved an anticipatory determination of Elder's criminal history, under the United States Sentencing Guidelines. Pavlis indicated that she had researched the issue, discussed her questions with both the Government and the United States Probation Office seeking guidance on the ambiguity, and finally conveyed to Elder the full range of possible sentences, under the Guidelines. At the hearing, she represented her considered belief that the difference would remain within the sentencing judge's discretion. Ms. Pavlis' inability to definitively anticipate exercises of judicial discretion does not even approach "good cause" for replacing her.

Ms. Pavlis is an experienced criminal litigator and her performance in this case, based upon the Government's assessment, and her performance in the hearing, provide not a scintilla of doubt of the adequacy of her representation. Elder's concerns are

understandable, given the gravity of his situation, but they do not rise to the level of "good cause" for replacing Pavlis as his appointed counsel. Accordingly, his motion is **DENIED**. Doc. 602.

**SO ORDERED,** this 25th day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA