FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 DEC 19 PM 2:48
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR417-208
)
CARLOS EDJUAN ELDER, )
)
Defendant. )
_____ )

## O R D E R

Before the Court are Defendant's Motion to Withdraw Guilty Plea (Doc. 714) and Second Motion to Withdraw Guilty Plea (Doc. 718). Defendant seeks to withdraw his guilty plea entered in this case on July 29, 2019. (Doc. 629.) In his motions, Defendant argues that his plea was not intelligently, knowingly, or voluntarily given because he received ineffective assistance from his defense counsel, Elizabeth Pavlis. (Doc. 714; Doc. 718.) Specifically, Defendant contends that his defense counsel (1) failed to request bond and demand a speedy trial; (2) failed to provide Defendant with discovery material such as the wiretap transcripts; (3) failed to investigate and confront witnesses; and (5) pressured him to enter a plea of guilty after he "repeatedly told her [he] wanted a jury trial . . . ." (Doc. 714; Doc. 718.)

"After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he 'can show a fair and just reason for requesting the

withdrawal.' " United States v. Herring, 216 F. App'x 927, 929 (11th Cir. 2007) (quoting Fed. R. Crim. P. 11(d)(2)(B)). However, "[t]here is no absolute right to withdraw a guilty plea." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

In determining whether a defendant has presented a fair and just reason for withdrawal, the district court considers the totality of the circumstances and four specific factors:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

United States v. Williams, No. CR410-257, 2011 WL 2709164, at *2 (S.D. Ga. July 12, 2011) (quoting Buckles, 843 F.3d at 471-72).

After evaluating the totality of the circumstances and the enumerated factors above, the Court concludes that Defendant has not shown fair and just cause for the withdrawal of his plea. First, Defendant does not argue that Ms. Pavlis failed to communicate with him or meet with him during his representation. Furthermore, on June 17, 2019, Defendant made these same arguments regarding the wiretaps and witness interviews in his Motion to Replace his Court-Appointed Counsel (Doc. 602), which the

Magistrate Judge denied after holding a hearing on June 25, 2019 (Doc. 611). The Magistrate Judge found that, up to the date of the hearing, there had been sufficient communication between Ms. Pavlis and Defendant. (Doc. 611.) This hearing was only a month before Defendant pleaded guilty on July 29, 2019. The Magistrate Judge also found that Ms. Pavlis did not improperly refuse to file motions on Defendant's behalf because she conducted the requisite legal research on the matters and determined that the motions requested by Defendant would be meritless. (Id. at 4.) Finally, the Magistrate Judge stated that Ms. Pavlis' performance in this case "provide[s] not a scintilla of doubt of the adequacy of her representation." (Id. at 5.)

As to the second factor, "[i]n the Eleventh Circuit, a guilty plea is considered knowing and voluntary if (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges against him, and (3) the defendant knows and understands the consequences of his guilty plea." Williams, 2011 WL 2709164, at *2 (citing United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999)). Defendant's argument that Ms. Pavlis pressured him into a guilty plea is meritless. He makes no specific allegations as to how she "manipulated" him or why he did not request a jury trial at his Rule 11 hearing. Additionally, Defendant acknowledged in his colloquy that he understood the charges against him and the consequences of his plea. "There is a

strong presumption that the statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Defendant has not met this high burden of showing that his statements under oath were unknowing, involuntary, or false.

The Court need not address the last two factors because Defendant has not satisfied the first two factors. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). Accordingly, Defendant's Motion to Withdraw Guilty Plea (Doc. 714) and Second Motion to Withdraw Guilty Plea (Doc. 718) are **DENIED**.

SO ORDERED this 19th day of December 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA